UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAPITOL STEEL ERECTORS, LLC

VERSUS

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY

CIVIL ACTION

NUMBER 15-504-JWD-SCR

## ORDER TO AMEND NOTICE OF REMOVAL

Defendant The Kansas City Southern Railway Company removed this case asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendant alleged in its Notice of Removal that it is a "foreign corporation registered in and established under the laws of the State of Missouri," and plaintiff Capitol Steel Erectors, LLC, "is a Louisiana corporation."[1]

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[2]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity,

---

[1] Record document number 1.

[2] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

the citizenship of a limited liability company is determined by considering the citizenship of all its members.[3]  Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[4]

Defendant's jurisdictional allegation as to its own citizenship and the citizenship of the plaintiff are not sufficient to establish diversity jurisdiction.  The "LLC" designation typically indicates that the entity is organized as a limited liability company, not a corporation.  But the Notice of Removal alleged that the plaintiff is a corporation.  If the plaintiff is a limited liability company, the state where it is organized and where it does business does not determine its citizenship.  If it is a corporation, the defendant failed to allege where it has its principal place of business.  A corporation may be registered to do, and may be doing, business in many states, but it has only one principal place of business for the purpose of diversity jurisdiction.

---

[3] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[4] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

2

As to the defendant, the Notice of Removal fails to allege the state where it has its principal place of business.

Therefore;

IT IS ORDERED that defendant The Kansas City Southern Railway Company shall have 14 days to file an Amended Notice of Removal which clarifies the organizational form of plaintiff Capitol Steel Erectors, LLC, and properly alleges citizenship of the parties.

**Failure to comply with this order may result in the case being remanded for lack of subject matter jurisdiction without further notice.**

Baton Rouge, Louisiana, July 31, 2015.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE