UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAPITOL STEEL ERECTORS, LLC                    CIVIL ACTION

VERSUS

THE KANSAS CITY SOUTHERN                  NO.: 15-00504-BAJ-EWD
RAILWAY COMPANY

RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 19)**, filed by

Kansas City Southern Railway Company ("Defendant"). Defendant seeks summary

judgment on all claims filed by Capital Steel Erectors, LLC ("Plaintiff"). Plaintiff filed

an opposition, (Doc. 20), and Defendant filed a reply, (Doc. 23). Oral argument is not

necessary.  Jurisdiction is proper under 28 U.S.C. § 1332.

I.    BACKGROUND[1]

This action arises out of the damages sustained by Plaintiff's Demag AC435

Motor Crane (the "crane") while driving over a railroad crossing that is owned,

operated and maintained by Defendant. (Doc. 1-2).  Plaintiff's crane is a seven axle

construction vehicle. (Doc. 19-4 at p.12). The crane weighs 150,200 pounds and is

approximately sixty-three feet in length, nine feet in width, and twelve feet in height.

(*Id.*). Due to the size and weight of the crane, Plaintiff is required to obtain a special

---

[1] The parties submitted competing statements of undisputed material facts (hereinafter, "statement").
Docs. 19-5, 20-7. Plaintiff's statement does not directly controvert the alleged facts in Defendant's
statement, as required under Local Rule 56(b), but presents separate facts that Plaintiff contends are
undisputed. Although Defendant's statement is technically not controverted by Plaintiff's statement,
the Court will construe both statements as controverted. Plaintiff is cautioned to properly oppose
statements of undisputed material facts where applicable, or risk the facts being deemed admitted for
the purpose of summary judgment.

overweight permit from the State of Louisiana to drive the crane on public streets and highways. (Doc. 19-2, Spring Dep. 12:19-24).

On February 14, 2015, Plaintiff drove the crane over the Defendant's railroad crossing on Highland Road, east of Interstate 10. (Doc. 1-2 at ¶3). While driving over the railroad crossing, Plaintiff alleges that a large concrete block from the railroad crossing "became lodged under the chassis of the crane" and "tore the rear axle from the crane." (*Id.* at ¶4). Plaintiff also alleges that the impact "caused the rear tandem axel section to gouge into the road bed and roll." (*Id.*). Plaintiff claims that Defendant's failure to maintain, inspect, and repair the railroad crossing is the proximate cause of the damage to the crane. (*Id.* at ¶6).

Plaintiff filed this negligence action against Defendant in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, on June 26, 2015. (*Id.* at p. 1). On July 31, 2015, Defendant removed the action to federal court pursuant to this Court's diversity jurisdiction. (Doc. 1). In the motion *sub judice*, Defendant avers that it is entitled to summary judgment as a matter of law because it had no duty to protect Plaintiff's crane from the damage it sustained. (*See* Doc. 19-1).

## II.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or

2

declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1).

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III.   DISCUSSION

Plaintiff's cause of action is grounded entirely in negligence. In Louisiana, courts have adopted a duty-risk analysis to determine whether to impose liability in

negligence actions under Louisiana Civil Code Article 2315. The duty-risk analysis requires a plaintiff to prove five separate elements:

> (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiffs injuries (the scope of protection element); and (5) actual damages (the damage element).

*Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 2001-2217 (La. 4/3/02), 816 So. 2d 270, 276; *Christy v. McCalla*, 2011-0366 (La. 12/6/11), 79 So. 3d 293, 299.

For the purpose of this motion, the only element at issue is the duty element. Defendant argues that Plaintiff's overweight crane falls outside of its scope of duty. (Doc. 19-1 at pp. 5–7). Defendant contends that it is not required to maintain its railroad crossings to accommodate overweight vehicles because the scope of the State's duty does not encompass maintaining highways and structures for overweight vehicles.[2] (*Id.*). Defendant argues that the State is immune from liability toward overweight vehicles operating under a special permit, and that railroad companies should not be held to a higher standard of duty than that of the State. (*Id.* at pp. 5–8).

Defendant's theory for limiting its own liability is solely premised on the unsupported contention that the State is immune from being held negligent for damage to an overweight vehicle. Defendant relies heavily upon Louisiana Revised

---

[2] The State of Louisiana is not a party to this action. As will be discussed *supra*, Defendant seeks to avail itself of the same immunity afforded to the State.

Statute ("La. R.S.") § 32:387(D), which provides that the State shall not incur any
liability to a special permit holder or others arising from the use of a special permit.
The statute further states that "[e]very special permit is issued upon the condition
that the permittee accepts and uses it at his own risk." [3]

In *Ronald Adams Contractor, Inc. v. State Through Department of
Transportation & Development, Truck Permit Section*, 619 So. 2d 1180 (La. 4 Cir.
App.), *writ denied sub nom.*, 625 So. 2d 178 (La. 1993), the Louisiana First Circuit
Court of Appeals interpreted the scope of the immunity afforded to the State under
La. R.S. § 32:387(D). The *Ronald Adams Contractor* decision instructs that the
statute does not exempt the State from liability for its own negligence in researching
and issuing special permits. Rather, it protects the State from being held liable to
persons injured during the use of a special permit under the theory that the State
gave the permit holder the authority to act by issuing the special permit. 619 So. 2d
at 1183. *Id*. The *Ronald Adams Contractor* decision does not, however, stand for the
proposition that La. R.S. § 32:387(D) provides immunity to the State against all
liability for damages caused to an overweight vehicle by the State's own negligence.[4]

---

[3] Defendant tenuously cites La. R.S. § 32:291 to support its theory of State immunity. Pursuant to La.
R.S. § 32:291, owners of overweight vehicles operating under a special permit are held liable for all
damages caused by the overweight vehicle to highways and highway structures. Contrary to
Defendant's assertion, the statute does not establish immunity for the State, but references the duty
owed to the State by owners of overweight vehicles.

[4] The Court is unaware of, and Defendant has failed to demonstrate, any law establishing immunity
for the State against all liability to overweight vehicles operating under a special permit. In *Kansas
City S. Ry. Co. v. Stoddart*, No. CIVA. 11-724, 2013 WL 55920 (W.D. La. Jan. 3, 2013), the owner of
an overweight vehicle with a special permit alleged that the State was negligent in maintaining the
road leading to a railroad crossing. The court did not conclude that the State was immune from liability
to the overweight vehicle because it was a permit holder. Rather, the court applied the same duty to
the overweight vehicle as courts apply to non-overweight vehicles. To prove liability, the owner of the

Nevertheless, even if the State is immune from all liability to special permit holders, it is axiomatic that Defendant—a privately owned railroad company—would not be entitled to the same immunity afforded to the State. Such an abrogation of liability would require an explicit act of the Louisiana legislature. *See, e.g.*, La. R.S. § 9:2771 (establishing immunity for contractors that construct in compliance with the plans and specifications); La. R.S. § 9:2796 (establishing immunity for Mardi Gras krewes and organizations for damages associated with parades); La. R.S. § 9:2795.3 (establishing immunity for equine organizations from injuries or damages during equine activities).

Defendant cites La. R.S. § 32:386(A) and § 45:323(A) in a fanciful attempt to support its theory of limited liability. Defendant claims that La. R.S. § 32:386(A) defines "normal vehicular traffic" as any vehicle not exceeding 80,000 pounds. Defendant then argues that La. R.S. § 45:323(A), which requires railroad companies to maintain railroad crossings in a suitable condition for vehicular traffic, only requires Defendant to maintain its railroad crossings for "normal vehicular traffic." According to Defendant's interpretation of the statutes, Defendant's duty would be limited to maintaining railroad crossings for vehicles under 80,000 pounds.

However, the Court finds that Defendant's interpretation of the statutes is misguided. La. R.S. § 32:386(A) does not provide a definition for "normal vehicular

---

overweight vehicle was required to "show that '[1] the roadway was unreasonably dangerous, [2] that the state had knowledge of the condition yet failed to exercise a reasonable chance to remedy that condition, and [3] that the unreasonably dangerous condition caused the accident.'" *Kansas City S. Ry. Co.*, 2013 WL 55920, at *5 (citing *Fry v. S. Pac. Transp. Co.*, 30,540 (La. App. 2 Cir. 6/24/98), 715 So. 2d 632, 635, *writ denied*, 98-1986 (La. 10/30/98)) (alteration in original).

traffic" as Defendant contends. In fact, the phrase "normal vehicular traffic" is completely absent from the statute. The statute only delineates the weight requirements for vehicles based on size, number of axels, and types of tires.

Furthermore, La. R.S. § 45:323(A) does not limit the duty of railroad companies to specific classes of vehicles. The statute merely requires railroad companies, "whose tracks are laid on or across the public street," to "keep in good condition and suitable for vehicular traffic that portion of the street lying between the rails of the tracks of such railroad and the railways." *See Bangs v. City of New Orleans, Through Dep't of Streets, Div. of Traffic Eng'g*, 196 So. 2d 324, 328 (La. Ct. App. 1967) (finding a railroad company liable for damage to a vehicle caused by an unmaintained railroad crossing). The statute offers no further guidance nor defines the term "vehicular traffic." Thus, summary judgment is not appropriate because Defendant has failed to show that its duty to maintain the railroad crossing was limited to vehicles under 80,000 pounds.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 19)**, filed by Kansas City Southern Railway Company, is **DENIED**.

Baton Rouge, Louisiana, this 27ᵗʰ day of September, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**